# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TAMMY LAMBETH, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) No. 20-CV-04159-WJE |
| | ) |
| JUMBO LOGISTICS LLC, ET AL., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiffs' Motion to Remand and, in the Alternative, Demand for a Jury Trial (Doc. 6), and Defendant Evanston Insurance Company's Unopposed Motion to Withdraw Notice of Removal and Request for Remand (Doc. 8). The Court recommends granting both motions for the following reasons.

## Background

Plaintiffs Tammy Lambeth individually, and as next friend of Allison Lambeth, Sara Price, Lucas Lambeth, Nathan Moore individually, and as next friend of Zachary Moore, and Karen Moore initially brought this action seeking to recover insurance proceeds pursuant to Mo. Rev. Stat. § 379.200 against Defendants Jumbo Logistics LLC and Evanston Insurance Company in Cole County Circuit Court. (Doc. 1-1). On August 18, 2020, Defendant Evanston filed a Notice of Removal, arguing federal jurisdiction was proper based on diversity of citizenship. (Doc. 1). However, Defendant Jumbo Logistics accepted service and entered its appearance in the state court action shortly before Defendant Evanston removed the action. (Doc. 8, ¶ 4). On August 20, 2020, Defendant Jumbo Logistics informed Defendant Evanston that it did not consent to removal. *Id*. at ¶ 5. On August 24, 2020, Plaintiffs filed the instant motion to remand, and on August 27, 2020, Defendant Evanston filed the instant motion to withdraw notice of removal and request remand. Both motions assert remand is appropriate because Defendant Jumbo Logistics did not consent to removal.

## Legal Standard and Discussion

A civil case first brought in state court may be removed only if the federal court could have exercised jurisdiction originally. 28 U.S.C. § 1441(a). Jurisdiction may be predicated on diversity of citizenship, so long as complete diversity exists between the plaintiffs and defendants and the

amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party has the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). If there are any doubts about whether removal is proper, the Court must remand to state court. *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 405 (8th Cir. 2013) (quoting *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Shroeder v. Spire, Inc.*, No. 4:19-CV-00623-DGK, 2020 WL 1505570, at *3 (W.D. Mo. Mar. 30, 2020) (quoting *Casey v. F.D.I.C.*, 583 F.3d 586, 591 (8th Cir. 2009) ("The 'rule of unanimity ordinarily requires that a case be remanded to the state court from which it was removed unless all defendants join in the motion for removal.'")).

Here, all parties acknowledge that Defendant Jumbo Logistics did not join in the motion for removal and does not consent to remand. Having reviewed the instant motions and exhibits thereto, the Court agrees and finds that removal was therefore improper.

## Conclusion

Accordingly, IT IS THEREFORE RECOMMENDED that Plaintiffs' Motion to Remand and, in the Alternative, Demand for a Jury Trial and Defendant Evanston Insurance Company's Unopposed Motion to Withdraw Notice of Removal and Request for Remand be granted, and the matter remanded to the Cole County Circuit Court.

Further, on August 19, 2020, the parties were directed to file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge assignment. Plaintiffs' form is currently due by September 9, 2020. As of the date of this filing, the parties have not consented to the Magistrate Judge assignment. Accordingly, the Clerk is directed to reassign this action to a District Judge by the random selection process.

Dated this 31st day of August, 2020, at Jefferson City, Missouri.

Willie J. Epps, Jr.
United States Magistrate Judge